First case on today's docket is First Mid-Illinois Bank & Trust v. Parker et al. We have Mr. Antagnoli for the appellants. And we have Ms. Titoian, oh, that was a good guess, for the appellees. And Mr. Antagnoli, as soon as you're ready to proceed, you may. Good morning, Justice Gaffney. Good morning. Justice Fulmer, Justice Wexton, David Antagnoli, representing the plaintiff appellants, First Mid-Illinois Bank & Trust. The principle and dispositive issue on this appeal is whether a member's interest in an Illinois limited liability company is subject to attachment pursuant to the provisions of the Code of Civil Procedure governing pre-judgment attachment on behalf of a creditor of the prospective judgment debtor. And that issue depends essentially on statutory interpretation. The court will have to decide whether or not the Limited Liability Company Act, in essence, preempts the Code of Civil Procedure insofar as it relates to pre-judgment attachment of a Limited Liability Company interest. The question should be answered in the negative based on four fundamental principles of statutory interpretation. First, the language of the two statutes. Second, the court's effort to avoid inconsistency or conflict between the two statutes. Third, in view of the purposes these statutes are designed to serve. And finally, to avoid the illogical result that an LLC interest, as opposed to any other property interest, that a debtor in the state of Illinois can enjoy is exempt from the remedy of pre-judgment attachment. Let me get the parties clear here for a moment, if I could. Sure. When you refer to the citation claimant, you're talking about First Bank. Correct. Not to be confused with First Mid-Illinois Bank. Okay. And the citation claimant, meaning First Bank, has filed a separate appeal. Correct. And that appeal has been dismissed. Okay. So they're basically out of the picture. The case is going to revolve around now the plaintiff, First Mid-Illinois Bank, versus the second judgment creditor, MDB Incorporated slash Regal Incorporated. I need one other clarification. I don't like to interrupt, but I did a fair amount of financial work when I was a practicing attorney. What is a charging order? I have never seen that before. A charging order is unique to partnerships and limited liability companies. It is a post-judgment mechanism that enables the court to essentially impose a lien on the debtor's interest in the limited liability company or the partnership interest, as it were, so that anything that would otherwise go to the partner or a limited liability member would go to the judgment creditor instead. And further, the charging order statute also provides that in the event that the judgment is not ultimately satisfied based on distributions from the partnership or LLC, then the court can actually order a foreclosure sale of the partnership interest or LLC interest, as the case may be. I think the starting point of this analysis ought to be the language of the LLC Act itself. I quote the language because the section in controversy is very limited. It reads, this section provides the exclusive remedy by which a judgment creditor of a member or a transferee may satisfy a judgment out of the judgment debtor's distributional interest in a limited liability company. That is the so-called exclusive remedy provision in the Limited Liability Company Act. And the operative terms in that clause are judgment creditor, satisfy a judgment out of a judgment debtor's distributional interest. Note that that statute contemplates a situation where a judgment is already in place. It deals solely with post-judgment remedies to enforce a judgment against an LLC interest. It is silent with respect to what, if any, effect it has on pre-judgment remedies such as the attachment provisions of the Illinois Code of Civil Procedure. The conspicuous absence of anything in the LLC Act that would trump or exempt LLC interests from the attachment provisions of the Code of Civil Procedure show that the language of this statute was never intended to apply to pre-judgment remedies. In fact, if I could pronounce it, I would give the court the Latin phrase for negative implication, which is expressio unius, exclusio alterius. By saying that this applies to post-judgment measures, it doesn't apply to pre-judgment measures. The second principle of statutory interpretation that might be helpful in this case is where you have two statutes operating in the same potential field, you try to construe them in a manner that is harmonious, that will allow each statute to be given effect. Now, in this case, each statute applies to distinct procedural phases of the case. There's no reason to believe that the legislature, by suggesting that charging orders is the only way to get paid after you get a judgment, meant that charging order also preempts the field of pre-judgment remedies. There is nothing inconsistent about letting a creditor attach a membership interest pre-judgment to prevent the debtor from transferring, concealing, disposing, or encumbering that interest. In other words, to preserve that interest pending entry of a final judgment. Conversely, there's nothing in the charging order statute that suggests or implies that it has anything to do with pre-judgment remedies. So these two statutes can operate independently in their own spheres, and the court should adopt an interpretation which would lead to that. Attachment, pre-judgment, charging order, post-judgment. And there are no cases out there to date that clarify that distinction of how they operate together? No, we're writing on a clean slate, so to speak. The third element of statutory interpretation I'd like the court to consider is the purpose of these two statutes. And it's a little bit obscure unless you look into some of the comments in the LLC Act. But the reason why the drafters of this Act wanted this charging order to be an exclusive remedy to collect a judgment was to prevent collection proceedings from interfering with the operation of the company itself. You don't want to have a situation where a judgment or a judgment predator is chasing one of the members and that disrupts the operation of the company itself. So they have this charging order remedy which minimizes the disruption. The attachment statute, and let me give the court an example of how that would be a problem if, say, a judgment predator were operating under the citation or supplementary provisions of the civil procedure. Under those circumstances, the judgment predator could haul the company management into court on a citation to discover assets. The court has broad remedies under that citation statute. It could order the judgment predator to vote his membership interest in a certain way. It could make orders that would at least potentially disrupt the management or operation of the business. Those provisions of the citation statute, of course, are preempted by this exclusive charging order remedy in the LLC Act. There's nothing that will disserve or detract from that purpose if prejudgment attachment is allowed. Prejudgment attachment does not authorize the court to do anything other than make sure that the interest is held subject to entry of a final judgment so that the status quo is preserved until post-judgment at which time the creditor can invoke the charging order provision of the Limited Liability Company Act. There's nothing in prejudgment attachment that would enable the court or the predator to interfere with management of the business. Allowing, giving effect to the attachment statute to preserve the status quo is not going to interfere with the provisions of the charging order statute that are designed to prevent interference with or disruption of company operations by collection proceeding against a judgment predator. But an attachment order to be used against an LLC, wouldn't a charging order created specifically for the purpose? Right. So how can an attachment order have priority against an LLC when a charging order was created specifically for that purpose? The charging order was created specifically for the purpose of enabling the judgment predator to collect out of a member's interest after a judgment was entered. The charging order statute, Justice Waxman, does not deal with the question of whether the court, in anticipation of a charging order, can prevent the judgment debtor, not the company, the judgment debtor or prospective judgment debtor, from transferring, encumbering, or disposing of his interest pre-judgment in a manner that would disable the potential judgment predator from later invoking the charging order remedy. I think that's the answer to the question. I hope I've addressed it. Now, I think the last thing I'd like the court to consider with respect to the statutory interpretation question is let's make sure that we come up with a result that is not illogical. And there is something in this case that will illustrate the illogic of the result or outcome in the event that the judgment predator's position is adopted. In this case, First Mid knew that one of the judgment debtors was financially distressed, was about to transfer, conceal, or dispose of his various property interests in a manner that would defeat First Mid's ability to collect if it ultimately obtained judgment. So we sued out the pre-judgment attachment against two assets that we identified. One was the debtor's stock in a closely held corporation, a subchapter S corporation. The other asset we attached was his membership interest in this limited liability company. If the court were to accept the outcome advanced by the judgment predator, that attachment would be valid against the stock interest in a closely held corporation and invalid against a membership interest in an LLC. There is simply no logic in saying that a financially distressed debtor should be allowed to transfer, should not be allowed to transfer any type of property except limited liability company interest. There is no reason to suspect that the legislature thought it was any less of a detriment to creditors if the asset that we're seeking to preserve is an LLC interest as opposed to some other asset by the judgment debtor. Now, if the court finds, as we ask, that the charging order statute does not preempt or implicitly repeal pre-judgment attachment remedies as against an LLC interest, then the outcome of this case is clear. And I think it's basically conceded by MDB in its brief. When you have a pre-judgment attachment, it creates what has been called a qualified lien. It serves to protect and preserve that asset from any subsequent liens in the event that the judgment creditor actually does succeed in obtaining a judgment on the merits of the case. So that if you have a pre-judgment attachment and succeed in obtaining a judgment, the lien relates back to the date of the attachment. We've cited a number of cases in our brief to that effect, and I would give you an example of a Gradle versus Piranha Capital case cited at page 9 of our brief, which shows this principle in spades. There was a pre-judgment attachment of funds in an investment account. After the pre-judgment attachment, the debtor was put in receivership. After the receivership, a final judgment was entered in the attachment case. The court said, even though the judgment was later than the receivership, since the pre-judgment attachment preceded the receivership, the lien of the judgment debtor related back to the date of the pre-judgment attachment and took priority over the receivership. That principle would apply here. The pre-judgment attachment obtained by First Bank preceded the charging order obtained by the judgment creditor. Then First Bank obtained a judgment and a charging order, so the lien of its judgment and charging order should relate back to the date of its attachment. That is what the trial court actually found when it entered the charging order in favor of MDB, or in favor of First Mint in this case. In the few minutes that I have remaining, I'd like to turn briefly to the other issue that we've raised on appeal, which is procedural in nature. The court need not reach this issue if it agrees with First Mint's analysis that the charging order statute did not repeal the pre-judgment attachment remedy. Nonetheless, I would be remiss if I did not express my views briefly on this alternative issue. This case came up here procedurally on a motion for summary judgment. As you mentioned earlier, Justice Wexton, there were three parties that filed, First Mint, First Bank, and the other judgment creditor. The way the case unfolded was First Mint filed a motion for summary judgment against First Bank. Our motion for summary judgment did not seek any relief or any adjudication with respect to the priorities between First Mint and the judgment creditor. We didn't even mention the judgment creditor in our motion for summary judgment. Nevertheless, after a series of briefings in which MDB actually participated, the court ultimately entered an order and said, I'm ruling on the priorities as to everybody involved, even though MDB never filed a motion for summary judgment, even though First Mint's motion for summary judgment did not fall into question the issue relating to MDB. There are a series of cases cited in our brief that stand for the proposition that you don't get summary judgment unless you file a motion for summary judgment, which MDB never did in this case. And I would refer specifically to the Silverstein case cited at page 13 of our brief and the Peterson case on the same page. In both of these cases, the court reversed, the appellate court reversed, summary judgments where the proponent of the summary judgment had not actually filed a motion for summary judgment. In those cases... You're out of time, but you can finish your thought, Mr. Antangoli. In those cases, the trial court had some other type of motion before it and sua sponte converted it into a motion for summary judgment. The appellate court found it was error. So for those reasons, Your Honors, we ask that the court reverse on the issue of priority or in the alternative remand for further proceedings with respect to the relationship between MDB, Regal, and First Mint. Thank you very much. Thank you, and you'll have the opportunity to rebut. Ms. Titoyan. May it please the Court, Your Honors. I'm Sandra Titoyan, and I represent the third-party claimants and appellees of MDB Electric and Regal Sales. This case involves two main issues, which Mr. Antangoli pointed out. I'm going to rephrase the issue, though, and is a charging order the only means to create a lien against a member's distributional interests? And did the trial court act properly in adjudicating the priority of MDB and Regal's liens? And the answer to both those questions is yes. And this court should affirm the trial court's order because MDB and Regal were the first to obtain a charging order. They're the first to perfect their lien and actually obtain the charging order. And because the issue before the court, when it issued its order of priority, was the issue of all the liens. All the parties had briefed, submitted briefs to the court in light of the order that was entered that requested all the parties to issue briefs. And the issue before the court at that time was the priority of MDB, Regal, First Mint, and First Bank. To reach this conclusion, I'm going to address four points. First, that the statute and case law unequivocally provide that Section 30-20 of Illinois Limited Liability Company acts as the exclusive means to reach a member's distributional interest in Illinois Limited Liability Company. Second, that the LLC Act does not, in fact, repeal the attachment statute. Third, that the lien, if any, created by First Mint was extinguished on judgment and that it did not relate back or did not extend to post-judgment proceedings. And the fourth, that the court did not act sua sponte when it decided the priority of MDB and Regal's liens. Can I ask you to start off the fourth one? How do you get a motion, a summary judgment granted when you never filed a motion for summary judgment? We did not file a motion for summary judgment. What we did file is, on August 8, 2008, when First Mint tried to enforce its charging order, an order was entered stating that all lien claimants should file their statement of claims with the court by a certain date. MDB and Regal did that, and so did First Bank. First Mint filed a motion for summary judgment as to its claim as opposed to First Bank's claim. It did not file a motion for summary judgment addressing MDB and Regal's claim at that time. But prior to hearing on his motion for summary judgment, MDB and Regal did submit their claim and their statement of claim and why they should have priority. When his motion for summary judgment was called for hearing, it was January of 2009. I was present. I presented oral argument not only as to why my claim had priority over First Bank's but also as to why it had priority over First Mint appellants. First Mint presented oral argument as to why its claim had priority. These arguments were brief. First Bank submitted an oral argument as to why its claim had priority. The court took it under advisement that the court ordered all three parties, not just First Mint and First Bank, to file supporting briefs as to their priority. All three parties did. There were never any objections made by First Bank or First Mint as to us inserting ourselves into this claim of priority. In fact, First Mint and First Bank, both of their briefs addressed, directly addressed, MDB and Regal's claim of priority. They never raised objections as to us presenting oral argument or to us submitting our briefs. So when the court did issue its final order on the issue of all priority of liens, that was the issue before the court, the priority of all of the liens, meaning First Mint, First Bank, MDB and Regal. The court wasn't acting sua sponte. It was acting on its request to prioritize the liens. But there still was no motion filed. There was no motion filed, Your Honor. The only statute that provides a remedy to a creditor of a member of an LLC is Section 30-20 of the LLC Act. The Act, as Mr. Hansen pointed out, states that on application of a creditor of an LLC, they can apply for a charging order, and the court may grant a charging order. The next part of that section states that, I believe it's Section B, states that the charging order creates a lien. The next section states that this is the exclusive remedy for a judgment creditor to satisfy its debt of the distributional interest of the member. It says this is the exclusive remedy. When read in conjunction, it's not only the exclusive remedy, it's also the exclusive way to create a lien. His attachment never created a lien. Without the charging order, there was no lien when he filed his attachment order. And the statute cannot be clear. Exclusive means exclusive. And there's absolutely no case law as to whether or not an attachment can affect an LLC interest. There is case law, though, and recent case law, as to whether a citation would have priority over a charging order. And the court in Rayla Hood stated that, no, it cannot. That they said, in the court's view, the unambiguous term, exclusive remedy, must be interpreted as meaning to the exclusion of all other remedies. All other remedies, including attachment statute. An attachment is just a remedy available to a creditor. It cannot be interpreted, and the court further stated, it cannot be interpreted as meaning in addition to other remedies. The state of Section 30-20E foreclosed the possibility that the lien obtained via a charging order is simply another alternative to a citation. Exclusive means exclusive. The lien provided in Section 30-20E, conditioned upon the entry of a charging order, is the only one available to a creditor seeking to attach or enforce a judgment against the interest of a member in an LLC. Illinois Limited Liability Company. The court did address whether or not a membership interest could be attached. And it says that, unambiguously says, it cannot attach without a charging order. And appellant agrees with the ruling of in Rayla Hood, but then it tries to distinguish between pre- and post-judgment liens. And I'm here to say there's no difference between a pre- and post-judgment lien. That it's just another remedy provided for creditors to reach a debtor's property. And in Rayla Hood, there's no distinction between pre- and post-judgment. And if you can't analogize it to a citation, the attachment to a citation, a citation, once it's served, it does create a lien against a debtor's personal property. And that lien's preserved from the time the citation is served. If that were the case, then a citation claimant could then file a charging order. And that charging order would relate back to the citation. But the court in Rayla Hood said no. The citation never created any kind of lien. The same with an attachment. An attachment would, in effect, have the lien on there, and then once judgment is under it, it would relate back. But, again, if you analogize it to a citation where the court said no, you cannot do that, then you should not be able to do it for an attachment either. And Illinois is not the only court that has found this. Under California law, Colorado law, Delaware law, they've all said that the charging order is the exclusive means to reach a member's distributional interest. And I don't believe that I've cited it in there in my brief, but in the Delaware Law Corporations and Business Organizations Statutory Desk Cop, the 2010 edition, it's by R. Franklin, Velati, and Jess A. Finkelstein, it states in the explanation of the charging order, it states that neither attachment, garnishment, foreclosure, or life remedies are available. None of them are available to a judgment creditor. But the LLC Act talks about a judgment creditor. How could you have a priority if you're a pre-judgment creditor? If you can't have priority if you're a pre-judgment creditor, that's the whole point. And that brings me into – actually, I'm going to skip one of my arguments and go into the next argument of that even if it was able to attach, that attachment expired upon his judgment being entered. Because in an attachment proceeding, the judgment – the attachment order actually merges into – or the lien emerges into the judgment. And it's the judgment, then, that relates back to the attachment order. It's not post-judgment proceedings. And there's no case law that allows a post-judgment proceeding to relate back to the attachment order. So once he obtained – or once First Mid actually obtained judgment, then it ceases, assuming that he could even have a lien, which our position is he never had a lien because he never had a charging order. Once that's extinguished, then he's on the same footing with all other creditors. And the first in time to perfect the charging order is – has priority. MDB and Regal were the first in time to perfect its charging order, and it received priority. Attachment assumes perfection at judgment. You cannot have perfection at judgment when it comes to LLC distributional interest. You can only have perfection with the charging order. And Mr. Antropinoli makes the point that the LLC Act would serve to repeal the attachment statute. And the Carter Vote statutory construction is when there's a special and a general statute that deal with the same subject. It's the latest in date. It will not be considered to have repealed the earlier statute unless there are irreconcilable differences. But the special statute, here being the LLC Act, will prevail regarding applications to the subject matter within its provisions. And going back to N. Ray LaHood, the court found that when the – it was Hartland. Hartland was the judgment creditor in that case. And they – their position to the court was, exactly as Mr. Antropinoli's, is that the LLC Act repeals the Citation Act because the Citation Act is supposed to cover all personal property, similar to an attachment. The court specifically found that the LLC Act, because it was only involved limited liability company distributional interest, that it could not repeal the attachment statute. It's just an exclusion to the attachment statute, or in the case of N. Ray LaHood, to a citation statute. And the court reasoned the statute providing for a citation leave is a general one applicable to personal property interest without regard to kind or class, very much like an attachment. Section 30-20, on the other hand, narrowly pertains to only one kind of personal property, an LLC member's distributional interest. Because the legislature adopted the provision as the exclusive remedy for that kind of property, the statutes cannot be harmonized with providing alternative remedies. And like I said, that does relate to citation, but the same reasoning should be applied to the attachment statute. The court further stated in Ray LaHood that the citation statute provides a broad general collection remedy. The Illinois legislature is certainly free to create other remedies for specific kinds of property. Interest in those specific remedies operate independently and to the exclusion of the citation statute. And like the citation statute, and I'm sorry if I'm repeating myself, but an attachment provides a broad general collection remedy. Section 30-20 is very specific. It only applies to LLC distributional interests. This provision, the LLC provision, was specifically tailored to reach distributional interests in a limited liability company and must prevail over the general and broad attachment statute. MDV and Riegel were the first creditors to reach the debtor's distributional interests in the limited liability company. And because they were the first to obtain the charging, or the first to actually perfect the lien, then they have priority. Your Honor, I would like to go back to the question of whether or not the court acted sua sponte. And I wanted to point out that in the August 8, 2008 order, that's the order that was entered when First Med tried to enforce its lien, it specifically states that the trial court was to conduct such further proceedings as may be appropriate to adjudicate the validity and priority of all third-party claimants who appeared in this matter and asserted their claim in writing. The proceedings that the court conducted were appropriate, and they were in accordance with this order that directed them to adjudicate the lien of priority over all of the lien claimants. These were the only lien claimants that filed their briefs, that filed their statement of claims. These were the only ones at issue, and all three priorities were before the court at the time it made its decision. One more thing I'd like to address, Your Honor, is under Mr. Antimoli's theory that if an attachment order preserves its lien all the way through to a post-judgment proceeding, as opposed to other creditors, then when do they need to file the post-judgment proceeding? Under his argument, technically, a creditor who obtains an attachment could reach judgment and then wait several years or indefinitely to file this post-judgment proceeding for a charging order, and then still have it have priority over other creditors because, under his theory, it's going to relay back to the original charging order. The attachment statute didn't mean to tie up a creditor's assets indefinitely. The purpose of it is to prevent fraud and concealment of assets. It's not to prevent other creditors from reaching the assets and to tie it up, as I said, indefinitely. Is there any case on this relation back theory? On the relation back theory as to post-judgment proceedings? Absolutely not. There is case law as to whether or not the judgment in an attachment proceeding, the judgment relates back. But there's nothing as to whether or not a post-judgment proceeding such as a citation, a charging order, or a garnishment relates back. And that would have the effect, as I said, of letting the creditor who did the attachment to tie up this debtor's assets indefinitely. And, Your Honor, for these reasons, this portion is on the trial court's order. Thank you. Thank you, Ms. Titone. Mr. Antagnoli, do you have rebuttal? The LaHood case has nothing to do with this case. The LaHood case involved supplementary proceedings, post-judgment citation proceedings on one hand versus charging order on the other hand. What is a supplementary proceeding? It is a proceeding to enable a judgment creditor to satisfy a judgment. So it is expressly preempted by the charging order statute, which says this statute is the exclusive remedy for a judgment creditor to obtain satisfaction of a judgment out of an LLC interest. So clearly, under that language, the alternative remedy of a post-judgment citation proceedings is preempted. But that language does not extend to prejudgment remedies available to a creditor who is not a judgment creditor yet, a creditor who simply wants to preserve the asset so that the debtor can't run off with it and defeat collection proceedings in the event that a judgment is entered. So the LaHood case has absolutely nothing to do with this. And in fact, it supports First Mint's position because it shows the dichotomy between what is covered by the charging order, exclusive remedies provision, which is post-judgment proceedings, and what is not, which is prejudgment attachment. The hypothetical that Ms. Tutoyan posited to the court that this prejudgment attachment could tie up a limited liability company interest is a chimera. The fact of the matter is, if somebody wants to collect a judgment, he is not going to sit there on his latches, so to speak, after judgment is entered and not apply for a charging order. It would be counterintuitive for someone who wants to collect a judgment to withhold collection against a valuable interest such as a limited liability company interest. It would be foolish. That hypothetical will never occur. In terms of the logic here, first of all, I'd like to address Justice Wexton's question about this relation back there. And we've cited two cases in spades in our brief that said once the judgment, the creditor goes to judgment and obtains a lien, that lien relates back to the date of the attachment. And takes priority over any intervening liens thereafter. In this case, within seven days after First Mint obtained its judgment, it applied to the court under the Limited Liability Company Act for a charging order. The court granted the application for charging order and expressly found in its ruling that the charging order lien related back to the date of the attachment. If you don't have relation back, Your Honors, the prejudgment attachment remedy is meaningless. Because you go out and attach it, but then the other creditors or transferees are free to just avoid it by obtaining transfers from the debtor prior to entry of judgment. It's simply illogical to think that the legislature, by creating the charging order statute, decided we're going to exempt Limited Liability Company's interest from prejudgment remedies. Lastly, in terms of the, I do want to set the record straight regarding the briefing below. Because there's nothing in the briefing below indicating that First Mint was trying or litigating the MDB lien priority question by consent or something. If you look at the record, you will see one reference and only one reference in First Mint's filings to MDB. And that is a footnote in our response to First Bank's reply brief in which we pointed out that there was no inconsistency between our positions with respect to MDB. Did you object to this procedural situation below? No, because I had no reason to object. I had no basis to believe that the trial court was going to adjudicate MDB liens. Thank you, Mr. Antagonoli. Thank you. To so end, for your briefs and arguments, we'll take the matter under advisement and render ruling in due course. Thank you.